■ WOLFRAM L. ERTINGER, Respondent, v DEAN WITTER & Co., INC., et al., Appellants.—Order, Supreme Court, New York County, entered May 3, 1976, which, *inter alia,* denied defendants' motion to direct more responsive answers to certain interrogatories, unanimously affirmed, with $40 costs and disbursements of this appeal to respondent. Wolfram L. Ertinger was a general partner of Laird, Bissel & Meeds (LB&M), from 1955 to 1965. Upon the incorporation of that partnership in 1965, he became a vice-president and director. Ertinger retired in 1972 and was the recipient of benefits under the firm's pension plan. In April, 1973, Laird, Bissel & Meeds, merged with Dean Witter & Co., Inc., and payments to Ertinger stopped. Ertinger instituted this action. He claimed that he was still entitled to payments, even after the merger based upon an alleged resolution of the board of directors of LB&M passed on April 4, 1968. Ertinger was served with 28 written interrogatories to which he responded. The defendants then applied at Special Term for more responsive answers. Special Term found that all of the answers (with the exception of item 17) were responsive. On this appeal, the defendants urge that the responses to interrogatories numbered 13 and 16 were inadequate. Interrogatory 13 required the plaintiff to: "Set forth in detail how plaintiff wil *[sic]* show that the resolution passed by the LB&M Board of Directors on or about April 4, 1968 obligated LB&M to pay each director upon his retirement the sum of $18,000 per year for the remainder of his natural life." Plaintiff responded by outlining the oral testimony he would adduce to prove the continuing obligation of LB&M. Interrogatory No. 16 stated: "Set forth how plaintiff relied upon the April 4, 1968 agreement to the exclusion of all other provisions for his retirement." Plaintiff responded that he "did not provide for his own retirement in any other manner. Plaintiff relied on the April 4, 1968 agreement, and made no other plan." Our review of these responses finds us in unanimity of opinion with Special Term that the answers to these two interrogatories were adequate, and we have accordingly affirmed. Concur—Stevens, P. J., Markewich, Kupferman, Birns and Lane, JJ.